UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **Charles B. Ridley, III,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:11-2696-CMC |
| | ) | |
| **Law Offices of Harold E. Scherr, P.A.,** | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.  This is an action brought by the Plaintiff, Charles B. Ridley, III, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina's common laws set forth herein.

## JURISDICTION AND VENUE

2.  This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3.  The Plaintiff, Charles B. Ridley, III, is a resident and citizen of the State of

South Carolina, Richland County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

4. The Law Offices of Harold E. Scherr, P.A. ("Scherr") is a Florida professional association with its principal place of business at 1064 Greenwood Blvd., Suite 328, Lake Mary, FL 32746. The Law Offices of Harold E. Scherr, P.A. may be served with process through its registered agent for service of process, Harold E. Scherr, 1064 Greenwood Blvd., Suite 328, Lake Mary, FL 32746. In all respects and at all times relevant herein, The Law Offices of Harold E. Scherr, P.A. was doing business in the State of South Carolina. Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. In August of 2010, the Defendant began to attempt to collect a disputed debt from the Plaintiff.

6. After having sent collection letters to the Plaintiff, the Defendant began to make numerous impermissible harassing phone calls to the Plaintiff.

7. After receiving several harassing, embarrassing phone calls from the Defendant, the Plaintiff told the Defendant to stop calling him.

8. In spite of the Plaintiff's request for the Defendant to cease calling, the

Defendant continued to make harassing phone calls in an attempt to collect a disputed debt.

9. Over the course of three weeks in December 2010 and January 2011, and after the Plaintiff requested the Defendant stop calling, the Defendant intentionally ignored the Plaintiff's requests that the Defendant stop calling and continued to make harassing and impermissible phone calls to the Plaintiff in an attempt to collect a debt.

10. The Defendant left messages on the Plaintiff's non-exclusive answering machine. Said messages stated that the Defendant was calling the Plaintiff in an attempt to collect a debt.

11. Several of the messages left by the Defendant were heard by the Plaintiff's roommate, Matt Shirley.

12. The Plaintiff, after being thoroughly humiliated, frustrated, and angered by the conduct of the Defendant, then cancelled his phone service so as to prevent the Defendant from continuing to harass him.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

13. The Plaintiff adopts the averments and allegations of paragraphs 5 through 12 hereinbefore as if fully set forth herein.

14. The Defendant has engaged in collection activities and practices in violation of

the Fair Debt Collection Practices Act with respect to the Plaintiff and his alleged consumer debt.

15. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

16. The Defendant violated §1692c(b) by communicating information to third parties relating to the Plaintiff's alleged debt. *See also Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

17. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

18. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

19. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which he seeks the maximum statutory damages, actual damages, plus attorney's fees and costs.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

20. The Plaintiff adopts the averments and allegations of paragraphs 5 through 19 hereinbefore as if fully set forth herein.

21. The Defendant knew or should have known of its inadequate training and supervision. If the Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

22. The Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and was in violation of the FDCPA as well as South Carolina state and common law.

23. The Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

24. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

25. The Plaintiff adopts the averments and allegations of paragraphs 5 through 24 hereinbefore as if fully set forth herein.

26. The Defendant knew or should have known of its inadequate training and supervision. If the Defendant had properly trained and supervised its

employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

27. The Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the FDCPA as well as South Carolina state and common law.

28. The Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

29. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
## SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

30. The Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 29 as if set forth fully herein.

31. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code §39-5-10, *et. seq.* (As amended).

32. The actions of the Defendant described above constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, §39-5-10 *et.seq.* and are knowing and willful violations thereof.

33. The Plaintiff further alleges that the actions of the Defendant have a real and substantial potential for repetition and are a threat to the public interest.

34. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant and is entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble of said actual damages for Defendant's knowing and willful behavior, and an award of reasonable attorney's fees and costs.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A. Actual damages for the Defendant's violations of the FDCPA;

B. Statutory damages of $1,000 for the Plaintiff pursuant to 15 U.S.C. §1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training and Supervision and Reckless and Wanton Training and Supervision;

E. For relief in amounts or other appropriate relief as may be determined for the Plaintiff's actual damages, for the Plaintiff's actual damages to be

trebled by the Court as it deems proper, and attorney's fees against Defendant for its violations of the South Carolina Unfair Trade Practices Act, Sections §39-5-10, et seq. of the South Carolina Code of Laws Annotated; and

F.    For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID#10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
The Law Offices of Harold E. Scherr, P.A.
c/o Registered Agent - Harold E. Scherr
1064 Greenwood Blvd.
Suite 328
Lake Mary, FL 32746